## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| INTERNATIONAL UNION, SECURITY, ) | |
| POLICE, AND FIRE PROFESSIONALS ) | |
| OF AMERICA (SPFPA), ) | |
| Plaintiff, ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 04-2239-KHV** |
| UNITED GOVERNMENT SECURITY ) | |
| OFFICERS OF AMERICA ) | |
| INTERNATIONAL UNION, et al., ) | |
| Defendants. ) | |
| ) | |

_____)

### MEMORANDUM AND ORDER

International Union, Security, Police and Fire Professionals of America brings suit against the

United Government Security Officers of America International Union, Gary Evans and Alvin Ayers, alleging

breach of fiduciary obligation under 29 U.S.C. § 501 (Count 1), breach of fiduciary duty (Count 2),

conversion (Count 3), breach of contract under 29 U.S.C. § 185 (Count 4), breach of contract under state

law (Count 5) and third party interference with a contractual relationship (Count 6).  This matter comes

before the Court on Defendants' Motion To Dismiss (Doc. #13) filed October 29, 2004.  For reasons

stated below, the Court sustains in part and denies in part defendants' motion.

### Factual Background

Plaintiff's complaint alleges the following facts:

International Union, Security, Police and Fire Professionals of America ("SPFPA") and its

Local 252 served as the collective bargaining agent for employees who worked for Wolf Creek Nuclear

Operating Corporation, Inc. at the Wolf Creek Nuclear Plant in Burlington, Kansas.  On May 20, 2003,

the National Labor Relations Board conducted an election in which employees selected United Government Security Officers of America, International Union ("UGSOA") – rather than plaintiff – to represent them. In accordance with plaintiff's constitution and bylaws, SPFPA Local 252 later dissolved.

The SPFPA constitution provides that upon dissolution, all funds and property of the local revert to plaintiff.  Plaintiff directed Gary Evans and Alvin Ayers, former officers of SPFPA Local 252, to return all funds and property within their control.  UGSOA directed, advised and encouraged Evans and Ayers to retain possession of the property, and they did so.  UGSOA thereafter took possession of all funds and property of the former Local 252.  Furthermore, plaintiff has not received copies of annual audits of Local 252, and therefore it has been unable to conduct audits for periods before May 20, 2003.

Plaintiff filed its complaint on May 26, 2004.  As noted, it alleges two federal claims: breach of fiduciary obligation under 29 U.S.C. § 501 (Count 1) and breach of contract under 29 U.S.C. § 185 (Count 4).  It also brings four state law claims: breach of fiduciary duty (Count 2), conversion (Count 3), breach of contract (Count 5) and third party interference with a contractual relationship (Count 6).

Defendants assert that Count 1 does not state a claim on which relief can be granted because the union lacks standing to bring suit under 29 U.S.C. § 501.  Defendants assert that Count 4 does not state a claim as to Evans and Ayers because individuals cannot be held liable under 29 U.S.C. § 185. Defendants argue that Counts 2, 3, 5 and 6 do not state a claim because federal laws preempt the state law under which plaintiff purports to sue.  Finally, defendants assert that this Court lacks subject matter jurisdiction over Counts 2, 3, 5 and 6 because plaintiff did not invoke jurisdiction under the proper statute.

### Standards For Motions To Dismiss Under Rule 12(b)(1)

The Court may only exercise jurisdiction when specifically authorized to do so, see Castaneda v.

INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." Scheideman v. Shawnee County Bd. of County Comm'rs, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3). Plaintiff sustains the burden of showing that jurisdiction is proper, see id., and he must demonstrate that the case should not be dismissed. See Jensen v. Johnson County Youth Baseball League, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993).

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally take two forms: facial attacks on the complaint or factual attacks on the accuracy of the allegations in the complaint. See Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Defendant's motion to dismiss Counts 2, 3, 5 and 6 falls within the former category because the Court need not consider evidence outside the complaint.

### Standards For Motions To Dismiss Under Rule 12(b)(6)

A Rule 12(b)(6) motion should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of plaintiff. See Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir. 1987). In reviewing the sufficiency of plaintiff's complaint, the issue is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support its claims. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although plaintiff need not precisely state each element of its claims, it must plead minimal factual allegations on those material elements that must be proved. See Hall v. Bellmon, 935 F.2d

3

1106, 1110 (10th Cir. 1991).

## Analysis

### I.       Failure To State A Claim

#### A.       Breach Of Fiduciary Obligation Under 29 U.S.C. § 501(b) (Count 1)

Count 1 alleges that Evans and Ayers breached fiduciary obligations to SPFPA by delivering its

property to UGSOA.  Defendants seek dismissal, first arguing that 29 U.S.C. § 501(b) does not authorize

unions to bring suit and that plaintiff therefore lacks standing to sue.  Plaintiff responds that the statute does

not limit a union's right to sue, and that it in fact implies that a labor organization *can* bring suit.

Section 501(b) of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA")

provides that "any member of [a] labor organization" may file suit in federal district court to seek

appropriate relief, for the benefit of the labor organization, for the violation of duties declared in 29 U.S.C.

§ 501(a).  Specifically, Section 501(b) provides in part as follows:

> When any officer, agent, shop steward, or representative of any labor organization is
> alleged to have violated the duties declared in subsection (a) and the labor organization or
> its governing board or officers refuse or fail to sue or recover damages or secure an
> accounting or other appropriate relief within a reasonable time after being requested to do
> so by any member of the labor organization, such member may sue such officer, agent,
> shop steward, or representative in any district court of the United States or in any State
> court of competent jurisdiction to recover damages or secure an accounting or other
> appropriate relief for the benefit of the labor organization.  No such proceeding shall be
> brought except upon leave of the court obtained upon verified application and for good
> cause shown, which application may be made ex parte.

Courts have disagreed whether unions may bring suit under Section 501(b), and the Tenth Circuit

has not addressed the issue.  The Ninth Circuit has concluded that the plain language of the statute does not

permit a union to bring suit under Section 501(b) and that district courts lack subject matter jurisdiction over

4

such suits. <u>Bldg. Material & Dump Truck Drivers, Local 420 v. Traweek</u>, 867 F.2d 500, 506-07 (9th Cir. 1989).  In contrast, the Eleventh Circuit has held that a union cause of action can be implied under Section 501(b) even though the plain language of the statute does not grant a right of action to maintain such a suit. <u>Int'l Union of Elec., Electrical, Salaried, Mach. & Furniture Workers, AFL-CIO v. Statham</u>, 97 F.3d 1416 (11th Cir. 1996).  The Supreme Court has recognized the conflict but has not resolved it.  <u>Guidry v. Sheet Metal Workers Nat'l Pension Fund</u>, 493 U.S. 365, 375 n.16 (1990).

Numerous district courts have held that a union may not bring suit under Section 501(b).  <u>See, e.g.</u>, <u>Local 15 of Int'l Bhd. of Elec. Workers v. O'Reilly</u>, No. 02 C 6464, 2003 WL 29896 (N.D. Ill. Jan. 2, 2003) (if Congress had wanted to give unions same rights of action as union members under statute, it could have given them such rights); <u>Dunlop-McCullen v. Pascarella</u>, No. 97CIV.0195 (PKL)(DFE), 2002 WL 31521012 (S.D.N.Y. Nov. 13, 2002) (no right of action for union); <u>Local 1150 of Int'l Bhd. of Teamsters v. Santamaria</u>, 162 F. Supp.2d 68 (D. Conn. 2001) (legislative history of 29 U.S.C. § 501 shows no congressional intent to provide federal remedy for unions); <u>United Trans. Union v. Bottalico</u>, 120 F. Supp.2d 407 (S.D.N.Y. 2000) (legislative history provides no strong indicia to overcome presumption that Congress did not intend to provide remedy to unions); <u>Int'l Longshoremen's Ass'n, AFL-CIO v. Spear</u>, 995 F. Supp. 564 (E.D. Pa. 1998) (unions have adequate remedies under state law).  <u>But see</u> <u>Int'l Longshoremen's Ass'n, S.S. Clerks Local 1624, AFL-CIO, & Int'l Longshoremen's Ass'n, Container Maint. Refrigeration Repair Employees Local 1970, AFL-CIO v. Va. Int'l Terminals, Inc.</u>, 914 F. Supp. 1335 (E.D. Va. 1996) (congressional intent to provide right of action inferred from statutory language); <u>Operative Plasterers & Cement Masons Int'l Assoc. of the United States & Can. v. Benjamin</u>, 776 F. Supp. 1360 (N.D. Ind. 1991) (29 U.S.C. § 501(a) creates cause of action sufficient to confer

jurisdiction under 28 U.S.C. § 1337).

After reviewing the parties' briefs and existing case law, the Court agrees that the union has no

cause of action under 29 U.S.C. § 501.  For reasons stated in Spear, 995 F. Supp. at 564, Santamaria,

162 F. Supp.2d at 68, and Bottalico, 120 F. Supp.2d at 407, the Court finds that plaintiff cannot bring suit

under 29 U.S.C. § 501.  It therefore sustains defendants' motion to dismiss Count 1 of the complaint.

To cure any lack of standing in Count 1, plaintiff seeks leave to add an individual union member as

a plaintiff.  Under Fed. R. Civ. P. 15(a), leave to amend shall be freely given when justice so requires, unless

the amendment would be futile.  See Drake v. City of Fort Collins, 927 F.2d 1156, 1163 (10th Cir. 1991).

If plaintiff seeks leave to amend, however, it must file a separate motion for leave to do so in compliance

with D. Kan. Rule 15.1.  Any motion and proposed complaint shall allege satisfaction of the prerequisites

to suit by an individual union member, including the requirement in Section 501(b) that the member has first

made demand on the union to sue and the union refused.

## B.      Breach Of Contract Under 29 U.S.C. § 185(a) (Count 4)[1]

Count 4 alleges that Evans and Ayers breached contractual obligations under the SPFPA

constitution and bylaws.  Defendants argue that Evans and Ayers are not individually liable under 29 U.S.C.

§ 185(a) and that this claim must be dismissed.  Section 185(a) provides as follows:

> Suits for violation of contracts between an employer and a labor organization representing
> employees in an industry affecting commerce as defined in this Act, or between any such
> labor organizations, may be brought in any district court of the United States having
> jurisdiction of the parties, without respect to the amount in controversy or without regard

---

[1]      29 U.S.C. § 185 is often referred to as Section 301 of the Labor Management Relations
Act ("LMRA"), or simply Section 301.  To avoid confusion, the Court will refer to the statute using the full
cite or as Section 185.

to the citizenship of the parties.

In Complete Auto Transit, Inc. v. Reis, 451 U.S. 401, 416 (1981), the Supreme Court held that Section 185 does not permit damage actions against individuals for violation of collective bargaining agreements. After reviewing the statute's legislative history, the Court found that Congress meant to exclude individual union members from damages liability. Id. The Court expressly declined to decide whether injunctive relief can be sought against individuals. Id. at 416 n.17. Circuit courts have concluded that suits for equitable relief can be brought against individuals. See Statham, 97 F.3d at 1422; Shea v. McCarthy, 953 F.2d 29, 32 (2d Cir. 1992). The Second Circuit reasoned that "[t]he interests of accountability, consistency, conformity and stability . . . will be served if union officials who violate obligations thus assumed are subject to suit under [Section 185] by other members whose interests are adversely affected." Id. The Court agrees, and adopts the reasoning in these cases.

Plaintiff seeks various types of relief, including return of physical property, reimbursement of fines and penalties, accounting of expenditures, release of funds not spent, exemplary and punitive damages, attorney fees and costs and interest. See Complaint (Doc. #1) filed May 26, 2004. Plaintiff has not identified which relief specifically corresponds to Count 4. Defendants argue that Count 4 should be dismissed because plaintiff seeks money damages as its primary remedy and plaintiff's request to recover other property is tied to its attempts to recoup money. Plaintiff characterizes its request for the return of its property, including funds, as an equitable claim. The parties have not fully briefed the issue whether the separate requests for relief are legal or equitable, and the Court declines to specifically characterize each of plaintiff's requests at this time. To the extent that plaintiff seeks equitable relief, however, defendants' motion to dismiss is denied.

### C.      State Breach Of Fiduciary Duty And Conversion Claims (Counts 2 and 3)

Count 2 alleges that Evans and Ayers breached fiduciary obligations under state law.  Count 3

alleges that Evans, Ayers and UGSOA are liable under state law for conversion of property.  Defendants

argue that Congress intended to fully occupy the field of regulation with respect to the duties of union

officers and that plaintiff's state law claims for breach of fiduciary duty and conversion are therefore

preempted by 29 U.S.C. § 501(a) and (b).  Plaintiff maintains that 29 U.S.C. § 523 contradicts defendants'

argument.

Section 501(a) provides that "officers, agents, shop stewards, and other representatives of a labor

organization occupy positions of trust in relation to such organization and its members as a group."  It

itemizes the fiduciary responsibilities of union officers, as follows: (1) to hold union money and property

solely for the benefit of the organization and its members; (2) to manage, invest, and expend the same in

accordance with the union constitution, bylaws and any resolutions thereunder; (3) to refrain from dealing

with the union as an adverse party or on behalf of an adverse party in any matter connected with the union

officer's duties; (4) to refrain from holding or acquiring any pecuniary or personal interest which conflicts

with the interests of the union; and (5) to account to the union for any profit received by the officer in

whatever capacity in connection with transactions conducted by him or under his direction on behalf of the

organization.  Id.

In 29 U.S.C. § 523(a), Congress included a "catchall" anti-preemption provision which provides

as follows:

> Except as explicitly provided to the contrary, nothing in this Act shall reduce or limit the
> responsibilities of . . . any officer . . . under any other Federal law or under the laws of any
> State, and except as explicitly provided to the contrary, nothing in this Act shall take away

any right or bar any remedy to which members of a labor organization are entitled under such other Federal law or law of any State.

Federal law preempts state law when the federal statute expressly preempts state law, when Congress intended to occupy the entire field or when state law conflicts with federal law. See Brown v. Hotel & Rest. Employees & Bartenders Int'l Union Local 54, 468 U.S. 491, 500-01 (1984). Defendants argue that the comprehensive nature of the fiduciary duties set forth in Section 501(a) indicates a congressional intent to occupy the entire field in this area of law.

The plain language of the statute reveals no express preemption of state law. If anything, it compels a conclusion that Congress did not intend to preempt state law remedies. Defendants cite no authority, legislative history or case law which shows congressional intent to occupy the field, and offer only their own conclusory interpretation and argument. The Court's research reveals no case in which a court has held that 29 U.S.C. § 501(a) preempts a party's claim for breach of fiduciary duty or conversion. The Court therefore finds that 29 U.S.C. § 501(a) does not preempt plaintiff's state law claims under Counts 2 and 3 of the complaint.[2]

### D.      State Breach Of Contract And Third-Party Interference Claims (Counts 5 and 6)

Count 5 alleges that Evans and Ayers breached contractual obligations set forth in the union constitution when they did not release to plaintiff the property and funds of Local 252. Count 6 alleges that UGSOA unlawfully interfered with the contractual and fiduciary relationship between SPFPA and its union

---

[2]      Defendants also argue that plaintiff cannot establish a prima facie case of conversion because defendants have no ownership, control or possession of the funds at issue. Plaintiff seeks property (books and records) which defendants allegedly do own, control or possess, and defendants' argument is therefore not persuasive.

members by deliberately inducing Evans and Ayers to retain the property in breach of plaintiff's constitution.

Plaintiff brings both counts under the common law of the State of Kansas. Defendants argue that 29 U.S.C.

§ 185(a) preempts state common law claims because it requires that federal courts fashion a policy of

national labor laws using federal substantive law. See Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 209

(1985).

Section 185(a) authorizes suits "between an employer and a labor organization representing

employees in an industry . . ., or between any such labor organizations." It also authorize suits between

union members and their international unions. See Wooddell v. Int'l Bhd. of Elec. Workers, Local 71, 502

U.S. 93 (1991) (violation of union constitution constitutes violation of contract between two unions).[3]

Section 185(a) compels courts to fashion federal substantive law based on policy of national labor laws to

govern such suits. See Textile Workers v. Lincoln Mills, 353 U.S. 448, 456-57 (1957).  In enacting

Section 185(a), Congress intended doctrines of federal labor law uniformly to prevail over inconsistent local

rules. Teamsters Local 174 v. Lucas Flour Co., 369 U.S. 95, 104 (1962).  Therefore, "when resolution

of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between

the parties in a labor contract, that claim must either be treated as a [29 U.S.C. § 185] claim . . . or

dismissed as pre-empted by federal labor-contract law." Allis-Chalmers, 471 U.S. at 220.  Counts 5 and

---

[3]        Since Wooddell, the Second and Eleventh Circuits have held that Section 185(a) applies
to suits against union officials for violation of a union constitution. See Statham, 97 F.3d at 1416 (Section
185(a) extends to claims against individual officers when international union brings suit for breach of union
constitution); Shea, 953 F.2d at 29 (Section 185(a) authorizes suit against union officials who violate union
constitution); see also Korzen v. Local Union 705, Int'l Bhd. of Teamsters, 75 F.3d 285, 288 (7th Cir.
1996) (violation of international union constitution falls within scope of Section 185(a), while breach of local
constitution does not).

6 are expressly based only on state common law, so the Court does not treat them as Section 185(a) claims.  The sole issue is whether, as state law claims, they must be dismissed on grounds of preemption.

Plaintiff argues that Count 5, its state law claim for breach of contract, does not require analysis of the terms of the union constitution and that it therefore is not preempted.  Section 185 preempts state law when the Court must consult and interpret the contract at issue to resolve the issues before it.  See Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 (1988).  Here, Count 5 cannot be analyzed without looking to the terms of the constitution.  The Court therefore finds that federal law preempts plaintiff's state law claim for breach of the union constitution, and  grants defendants' motion to dismiss Count 5.

Defendants next argue that 29 U.S.C. § 185(a) preempts Count 6 – plaintiff's tortious interference claim against UGSOA.  Specifically, defendants assert that plaintiff's reliance on its constitution and bylaws requires analysis of a labor "contract" and thus is preempted.  Count 6 alleges that UGSOA tortiously interfered with the contract between plaintiff and its union members when UGSOA directed and encouraged Evans and Ayers not to return property to plaintiff as required by the union constitution.  Plaintiff argues that no interpretation of the constitution is required to resolve its tortious interference claim because the terms are clear: upon dissolution of a former local, all funds and property of the local revert to plaintiff.  The Supreme Court, however, has held that 29 U.S.C. § 185 preempts state law claims when the claim is "inextricably intertwined with consideration of the terms of the . . . contract."  Allis-Chalmers, 471 U.S. at 213.  In United Mine Workers of Am., Int'l Union v. RAG Am. Coal Co., 392 F.3d 1233, 2004 WL 3017256 (10th Cir. Dec. 30, 2004), the Tenth Circuit examined whether Section 185 preempts a state law claim for tortious interference.  In that case, Amax Coal and United Mine Workers signed a collective bargaining agreement which provided that if Amax Coal sold any operation covered by the agreement, it

would include terms so that the purchaser would assume Amax Coal's duties.  Amax Coal subsequently

sold a plant without including such terms.  The new owner, Cyprus Plateau, did not recall former Amax

Coal workers when it re-opened the plant.  United Mine Workers filed suit against Amax Coal for breach

of contract and against Cyprus Plateau for tortious interference.  The Tenth Circuit found that "[t]he rights

and duties undergirding the union's tortious interference claim exist only because they are contained in the

[collective bargaining agreement].  Without reference to, and interpretation of the agreement, it would be

impossible to determine the merits of the union's tortious interference claim."  Id.  The Tenth Circuit

therefore concluded that the tortious interference claim was preempted and that defendant was entitled to

judgment as a matter of law.

To determine whether plaintiff's state tort claim is intertwined with the contract, the Court must look

to the elements of the state tort.  See Steinbach v. Dillon Co., Inc., 253 F.3d 538, 540-42 (10th Cir. 2001).

Under Kansas law, plaintiff must plead five elements to state a claim for tortious interference with contract:

"(1) the contract; (2) the wrongdoer's knowledge thereof; (3) his or her intentional procurement of its

breach; (4) the absence of justification; and (5) damages resulting therefrom."  Carson v. Lynch Multimedia

Corp., 123 F. Supp.2d 1254, 1262 (D. Kan. 2000).  To determine whether UGSOA tortiously interfered

with the union contract, the Court must first determine whether that contract was breached.  The tortious

interference claim cannot stand independently from the contract – the allegation that UGSOA induced or

encouraged Evans and Ayers not to return funds and property to plaintiff is inexplicably intertwined with the

terms of the constitution.  For this reason, the Court concludes that 29 U.S.C. § 185(a) preempts plaintiff's

state law claim for tortious interference.  The Court sustains defendants' motion to dismiss Count 6 of the

complaint.

12

Perhaps anticipating this ruling, plaintiff seeks leave to amend to bring its tortious interference claim under 29 U.S.C. § 185(a). Plaintiff cites Cisneros v. ABC Rail Corp., 217 F.3d 1299 (10th Cir. 2000), for its position that a tortious interference claim may be brought as a federal action. Plaintiff's reliance on Cisneros, however, is misplaced. In Cisneros, the Tenth Circuit found that plaintiff's breach of contract claim against his employer could be brought under 29 U.S.C. § 185(a). In United Food & Commercial Workers Union, Local No. 1564 v. Quality Plus Stores, Inc., 961 F.2d 904 (10th Cir. 1992), which is more precisely on point, the Tenth Circuit examined whether 29 U.S.C. § 185 conferred subject matter jurisdiction over a labor union's tortious interference claim against a non-signatory to a collective bargaining agreement. It answered this question in the negative, holding that Section 185 did not confer subject matter jurisdiction because no agreement existed between the parties to the action. Here, as in United Food, no contract exists between plaintiff and defendant UGSOA, and plaintiff's proposed amendment would be futile.

## II.     Subject Matter Jurisdiction Over State Law Claims

In addition to 29 U.S.C. § 501(b) and 29 U.S.C. § 185(a), plaintiff alleges that jurisdiction is proper under 28 U.S.C. § 1337. Defendants argue that plaintiff's state law claims (Counts 2, 3, 5 and 6) must be dismissed for lack of subject matter jurisdiction because plaintiff has not asserted its claims under any statute which confers jurisdiction.

Under 28 U.S.C. § 1337, the Court has original jurisdiction "of any civil action or proceeding arising under any Acts of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." Defendants argue that plaintiff's claims have nothing to do with the regulation of commerce or protecting trade and commerce against restraints and monopolies and thus jurisdiction is

13

not proper.  Plaintiff does not disagree.

Defendants further argue that jurisdiction over state law claims falls under 28 U.S.C. § 1332 (diversity jurisdiction) or 28 U.S.C. § 1367 (supplemental jurisdiction), which plaintiff has not invoked. Defendants argue that plaintiff cannot assert diversity jurisdiction because the amount in controversy does not exceed $75,000.00.  Plaintiff does not rebut this argument.  As to defendants' argument that plaintiff has not invoked supplemental jurisdiction under Section 1367, plaintiff seeks leave to amend its complaint to expressly do so.

Once federal question jurisdiction exists, the Court maintains discretion to exercise supplemental jurisdiction over state law claims deriving from a common nucleus of facts, even where the complaint does not assert supplemental jurisdiction.  See United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd., 210 F.3d 1207, 1220 (10th Cir. 2000).  The state claims in this case form part of the same case or controversy, and the Court therefore exercises supplemental jurisdiction and treats plaintiff's state law claims as properly brought under 28 U.S.C. § 1367.  Amendment of the complaint is not necessary.

14

**IT IS THEREFORE ORDERED** that <u>Defendants' Motion To Dismiss</u> (Doc. #13) filed October 29, 2004 be and hereby is **OVERRULED**, to the extent that Count 4 seeks equitable relief for breach of contract by Evans and Ayers under 29 U.S.C. § 185(a).   Defendants' motion is also **OVERRULED** as to plaintiff's claims for breach of fiduciary duty (Count 2) and conversion (Count 3) under state law.   As to Counts 1, 5 and 6, and those parts of Count 4 which seek damages, defendants' motion is **SUSTAINED.**

Dated this 20th day of January, 2005, at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Court